## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

| | |
|---|---|
| RUTH MITCHELL, as Personal Representative of the ESTATE OF JAMES TIMOTHY BUCHANAN, on behalf of the Estate and the Survivors, Jonathan Buchanan, Ashleigh Buchanan, and Presley Buchanan,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK McKEITHEN, as Sheriff of Bay County, and THERESA PRICE, individually,<br><br>    Defendants. | CIVIL DIVISION<br><br>Case No. 5:14-cv-157 |

## COMPLAINT FOR DAMAGES

PLEASE TAKE NOTICE that plaintiff sues defendants and alleges:

### Preliminary Statement

This is an action under federal and state law by the Estate and Survivors of James Timothy Buchanan arising from Defendants' indifference to circumstances which resulted in his death. Defendants indifferently permitted Mr. Buchanan to go without medical care during a critical period, resulting in his suffering and death.

### Jurisdiction and Venue

1.    This Court has jurisdiction under 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, and/or treaties of the United States; 28 U.S.C. § 1337, as this is a civil action or proceeding arising under an Act of Congress

regulating commerce and/or protecting trade and commerce against restraints and monopolies; and 28 U.S.C. § 1343, as this is a civil action seeking to redress deprivation, under color of any State law, statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured by the Constitution of the United States and/or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2.   Plaintiff's claims for relief are predicated, in part, upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions pursuant to 42 U.S.C. § 1983.

3.   Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims alleged herein.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as the events sued upon occurred in this judicial district.

5.   Plaintiff timely served notice as required by § 768.28, Florida Statutes and all conditions precedent to this action have been performed or waived.

## Parties

6.   Plaintiff RUTH MITCHELL is the Personal Representative of the Estate of Timothy Buchanan. This action is brought by Mrs. Mitchell, mother of Mr. Buchanan, in her capacity as Personal Representative of the Estate and on

behalf of Mr. Buchanan's survivors, Jonathan Buchanan, Ashleigh Buchanan, and Presley Buchanan, the decedent's children.

7.   At all times material hereto, FRANK McKEITHEN was Sheriff of Bay County, an elected constitutional officer responsible for the operation of the Bay County Jail. He is sued in his official capacity

8.   At all times material hereto, THERESA PRICE, was a Licensed Practical Nurse employed by the Bay County Jail. She is sued individually.

## Common Allegations of Fact

9.   On or about March 30, 2012, Timothy Buchanan, DOB 03/13/1974, was booked into the Bay County Jail, Panama City, Florida.

10.   Mr. Buchanan suffered from asthma and hypertension.

11.   On information and belief, Mr. Buchanan failed to receive necessary medication and monitoring for his medical conditions while at the Bay County Jail.

12.   On or about the evening of April 20, 2012, Mr. Buchanan was housed in Dorm G, Gemini Dormitory, at the Bay County Jail.

13.   On that evening, security officer, Nicholas B. Gray, indicated Mr. Buchanan was exhibiting "odd" behavior including vomiting and defecating on the floor.

14.   Officer Gray continued his rounds but was called back 15 to 20 minutes later by an inmate who reported Mr. Buchanan as still throwing up.

15.   Bay County Jail inmates who were questioned agreed that Mr. Buchanan began throwing up "bad" on the evening of April 20, 2012, and was confused.

16.    Mr. Buchanan wasn't able to recognize other dorm inmates.

17.    Michael Desmond Sims, the inmate in the bunk next to Mr. Buchanan's said he was delusional and was saying "weird things."

18.    Mr. Sims said Mr. Buchanan was timid and shy and he was looking out for him.

19.    The Medical Department was called due to Mr. Buchanan's symptoms.

20.    Mr. Sims said they waited about an hour for the nurse to come to the Dormitory and that they had to carry Mr. Buchanan to the door.

21.    Inmate John Kennedy confirmed that Mr. Buchanan was talking funny or wasn't talking like his normal self and that it took three times to call the nurse.

22.    Inmate Jonathan Franklin Suggs said Mr. Buchanan didn't recognize him and thanked Suggs for carrying his property although he didn't know who he was.

23.    Mr. Suggs said he brought Mr. Buchanan a trash can to throw up in.

24.    Observing Mr. Buchanan while waiting for the nurse, Detention Officer Wie Vincent Shay noted that Mr. Buchanan didn't know where he was.

25.    Mr. Buchanan was seen by Nurse Theresa Price who observed that Mr. Buchanan seemed "confused" and wasn't answering questions appropriately.

26.    Mr. Buchanan was not aware of place or time.

27.    Nurse Price determined that Mr. Buchanan didn't need to go to the medical department but might have "something more psychological going on."

28.    Nurse Price told Officer Dickens that physically, nothing was wrong with Mr. Buchanan, but that she would recommend him to mental health.

29. Nurse Price decided Mr. Buchanan would not be moved to the medical department. He was taken to C, "Challenger" Dorm for observation.

30. Bay County Jail shift supervisor at the time, Lt. Derrick A. Swann, supervised Mr. Buchanan's transfer from Gemini Dorm to Challenger Dorm.

31. Officer Michael Owens was a Detention Officer in Challenger Dorm.

32. When Mr. Buchanan arrived in Challenger Dorm, Officer Owens noted that he had trouble following directions and began to "dry heave" but couldn't vomit.

33. Officer Owens noted that Mr. Buchanan was having difficulty following directions and had to lean against the wall to steady himself.

34. During the night, Officer Owens heard inmate Buchanan "snoring" but did not check Mr. Buchanan to see if he was responsive.

35. The next morning, when Officer Owens went to feed Mr. Buchanan, Owens found that he was unresponsive and that he had urinated on himself.

36. Officer Owens then called the medical department.

37. Nurse Taylor LPN responded to the medical call April 21, 2012 0611 hours.

38. Mr. Buchanan was transferred to the medical department and Emergency Medical Services (EMS) was called at 0646 hours.

39. At 0714 hours, Mr. Buchanan was taken to Bay Medical Center.

40. After he arrived at Bay Medical Center, a CT scan was done which confirmed an extensive bleed to the brain.

41. Hospital staff determined that there was nothing that could be done for him

medically at that point.

42.    Mr. Buchanan died on the morning of April 23, 2012.

43.    The reported cause of death was intracerebral hemorrhage.

44.    Defendants failed to provide, or cooperated in, maintained, enforced, tolerated, or condoned, the failure to provide timely and adequate medical care to an inmate suffering a life-threatening medical condition.

45.    Defendants caused Plaintiff's decedent to suffer severe physical and mental injuries, and death, as a direct result of their deliberate indifference.

## Causes of Action

### I.    42 U.S.C. § 1983: Failure to Treat (Theresa Price)

46.    Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

47.    Plaintiff is entitled to relief against Defendant Price because, acting under color of law, she failed to treat Mr. Buchanan at a critical stage of a known serious medical condition, acting with deliberate indifference to known risks of harm.

48.    By deliberately failing to act to abate the known risk of harm, Defendant Price acted in violation of the Fourteenth Amendment to the U.S. Constitution.

49.    As a direct result of Defendants' deliberate indifference to Mr. Buchanan's right to timely care, he suffered severe physical injuries and death.

WHEREFORE, Plaintiff seeks damages as noted below.

### II.    42 U.S.C. § 1983: Deliberate Indifference (Sheriff McKeithen)

50.    Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

51. Plaintiff is entitled to relief against Defendant McKeithen, as Sheriff, because Sheriff McKeithen was deliberately indifferent to Mr. Buchanan's rights under the Fourteenth Amendment to the U.S. Constitution.

52. Defendant McKeithen was charged with the constitutional duty to train, supervise, and discipline, and retain his subordinates in such fashion to ensure they respected and did not violate the rights of persons in their charge.

53. Defendant McKeithen, as Sheriff, through his chief policymakers, acting in the execution of their duty, was aware of facts that gave rise to an inference of a risk of serious harm to Mr. Buchanan or others in his situation and Defendant reasonably drew the inference, yet took no action to abate the harm.

54. As a direct result of Defendants' deliberate indifference to Mr. Buchanan's right to timely care, he suffered severe physical injuries and death.

WHEREFORE, Plaintiff seeks damages as noted below.

### III.    Alternative: Wrongful Death under State Law (Sheriff McKeithen)

55. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

56. In the alternative, Plaintiff is entitled to relief against Defendant McKeithen, as Sheriff of Bay County, under the Florida Wrongful Death Act.

57. At all times material hereto, Defendant McKeithen had a legal duty to provide non-negligent care and custody to inmates, including Mr. Buchanan.

58. Defendant McKeithen breached a duty to Mr. Buchanan by negligently training, supervising, and disciplining, and retaining subordinates.

59. Defendant McKeithen, as Sheriff, acting through his agents and employees, failed to monitor and safely keep Mr. Buchanan.

60. Defendant McKeithen is legally responsible for the violations of the legal duties of care by his agents and employees, under the doctrine of *Respondeat Superior*.

61. As a direct and foreseeable result of the negligent and careless acts and omissions of Defendant McKeithen, Mr. Buchanan suffered injury and death.

62. Mr. Buchanan left the following Survivors under Florida law:

| Name | Address | Relationship | Birthdate (If Minor) |
|---|---|---|---|
| Jonathan Buchanan | 5023 Hagan Dr., Calloway, FL 32404 | Son | n.a. |
| Ashleigh Buchanan | 5023 Hagan Dr., Calloway, FL 32404 | Daughter | 04/28/2000 |
| Presley Buchanan | 5023 Hagan Dr., Calloway, FL 32404 | Daughter | 09/09/2005 |

WHEREFORE, Plaintiff seeks damages as noted below.

## **Damages**

63. The Survivors and the Estate have sustained the following damages:

A. The Estate of Buchanan has sustained the following damages:

1. final expenses incurred as a result of the injuries to Mr. Buchanan that have become a charge against his Estate or that were paid on his behalf;

2. Net accumulations to the Estate.

B. The survivors have sustained the following damages:

1. loss of support and services of their loved one;

2. mental pain and suffering from the dates of injury and continuing for the remainder of their respective lives.

## **Prayer for Relief**

WHEREFORE, plaintiff respectfully requests of the Court:

A.  to take jurisdiction of this case;

B.  compensatory damages for plaintiff's physical injury, pain and suffering and
emotional and psychological damages in an amount to be determined;

C.  punitive damages against the individual defendants for federal counts;

D.  reasonable attorney's fees and costs under 42 U.S.C. § 1988 and other law;

E.  trial by jury on all counts so triable; and

F.  such other relief as the Court considers just and proper.

Respectfully Submitted,

*s/ James V. Cook*
JAMES V. COOK, FBN 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

Attorney for Plaintiff